**ANDERSON v. ROBINSON et al.**
**No. 1306.**

United States District Court
D. Montana, Great Falls Division.
June 20, 1953.

said, which partnership was recognized and apparently approved by the Bureau of Internal Revenue; the lands and personal property occupied and possessed by the partnership stood in the name of A. E. Anderson, the father; the business of the partnership was usually transacted in his name, the bank account was in his name, although Noel Anderson had his own private bank account which he afterwards changed to a joint account with his wife, Agnes, both having the right to draw checks against this account.

· A. E. Anderson, the father, died in December, 1943, and thereafter Noel Anderson carried on in the name of the father and son partnership while the estate of the father and the affairs of the partnership were in process of adjustment and settlement. But there was nothing in this situation, so far as the court can find, to hinder or delay Noel Anderson and his family from entering into a family partnership; it was their responsibility to carry on the farming and ranching operations and take care of the livestock. Aside from Noel Anderson the only persons interested as heirs of A. E. Anderson were the widow and a daughter, from whom purchases were made by Noel Anderson of their respective interests in the estate, consequently, the care and management of all such property interests were undertaken and carried out by Noel Anderson, his wife, Agnes, and his sons, Robert M. and Noel J. Anderson, who comprised the partnership of Noel Anderson and Sons.

There was nothing new or novel about having a family partnership in the Anderson family; the father and son had carried on such a partnership in the name of A. E. Anderson & Son for about nine years, and it was quite natural to expect that upon the death of the father another family partnership would succeed the old one. It is generally known that the principal farming operations are carried on in the spring, summer and fall, and the sons were there in 1944 to prepare the soil and put in the crops

Vernon E. Lewis, Fort Benton, Mont., for plaintiff.

Krest Cyr, U. S. Dist. Atty., Butte, Mont., William H. Bowen, Sp. Asst. Atty. Gen., for defendant.

PRAY, Chief Judge.

This is an action brought by the plaintiff as a taxpayer for recovery of an income tax paid for the year 1945. The principal question for determination seems to be whether Noel Anderson, the plaintiff, and his family, consisting of his wife and his two sons, entered into and put in operation a family partnership, in good faith, for the conduct of their farming and ranching business and the raising of livestock in Chouteau County, State of Montana, for the year 1945.

Noel Anderson for many years was a member of a family partnership with his father, under the firm name of A. E. Anderson and Son, and was engaged in farming and raising livestock near Fort Benton, in the County and State aforesaid,

for 1945, and in 1945 Robert was there to put in crops for 1946, and substitute for his brother, Noel, Jr., who was then in the Armed Services of his Country.

The court was much impressed with the appearance of these up-standing young men while testifying, as was also the case in the instance of the parents who preceded them, who have been respected citizens of Chouteau County for many years. After all it's what you believe, as the court remarked during the trial, and now upon a consideration of all the evidence, the court has thus far been unable to find fault in the testimony of members of this family or in their manner of giving it, and finds corroboration in respect to labor they performed in furtherance of their claim of formation of partnership for 1945. It would seem from the evidence that the "farm chores", mentioned by counsel for defendant, were well done by all members of the partnership. As it appears to the court the partnership involved extensive wheat operations as well as livestock operations of such an extent as to require the attention and constant services of the members of the partnership, and hired help in addition, so that it was in no sense merely a matter involving so-called "farm chores".

Grave account is made of the fact that transactions are found to have been conducted in the name of A. E. Anderson & Son, A. E. Anderson, Noel Anderson, Agnes Anderson, instead of in the name of Noel Anderson and Sons in 1945. What does the record show? Importantly it shows the defendant admits good faith on the part of the Anderson family "to create a partnership at some future time." If good faith is admitted, after hearing the testimony of the Anderson family, and all members thereof declare, and establish from their partnership records and other sources, that the partnership was to become effective and was in operation during the year 1945, how can the admission of good faith be consistently reconciled with a rejection of the evidence on the subject of time when the partnership was established and in operation? The court believes from the testimony of the Andersons and others living in their neighborhood, and from the records of the partnership, that good faith and honesty of purpose has been disclosed, and that it would be difficult for one with an open mind to note the appearance of those witnesses on the stand and their manner of testifying without being impressed with their sincerity, and at the same time taking into account any self-interest they might have in the result.

It appears from the testimony of members of the Anderson family that the new partnership was discussed and planned in April, 1944, and a final council was held in December, during Christmas week of that year, in which the plan was consummated with Noel, Agnes and Robert M. Anderson taking part in the agreement, which was subsequently, in January, 1945, ratified by Noel J. Anderson. The evidence goes into detail as to the interests of each member of the family in the partnership; it is not necessary to repeat it here, all agreed and were satisfied with their respective shares in the partnership, and the evidence is convincing as to the substantial contributions of each member of the family to the partnership.

On the subject of taxes for 1945 and 1946 it appears that taxes on the partnership property were assessed and paid in the name of A. E. Anderson and Son, since all the property stood in the name of A. E. Anderson, his estate still being in process of administration, but from Exhibit 9–E it also appears that taxes for 1945 were charged to the partnership expense of Noel Anderson & Sons; and the sale of wheat for 1945 amounting to $28,159.81 is also credited in the account of that partnership. Payments to Mrs. Aleta P. Anderson and Mrs. Finney for their shares in the ranch property from the joint account of Noel and Agnes Anderson would seem to indicate a contribution from each to the new partnership, and the books of the new partnership furnish proof that it was in operation during the year 1945.

Several authorities cited by counsel unquestionably support the position taken by the court on the facts presented in this case. Probably the leading decision on the subject of family partnerships is found in the case of C. I. R. v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659, and on reading this decision, one is bound to be impressed with its close application to the situation here; it was held there, with other expressions of like tenor: "The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case, but whether, considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent— the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * * If, upon a consideration of all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each is of such value to the partnership that the contributor should participate in the distribution of profits, that is sufficient."

For the purpose of carrying on the business of farming, ranching and raising livestock, in which the members of the Anderson family had been engaged for many years, Noel Anderson, his wife and two sons joined together their possessions and labor to continue their life work wherein they were to share in a community of interest of all profits and losses to the extent of their respective holdings in the partnership, thus following a well established precedent in the Anderson family.

Reliance has been placed by defendant upon the decision of our Circuit Court of Appeals in the Harkness case, Harkness v. Commissioner, 9 Cir., 193 F.2d 655, 656, 657, by Circuit Judge Pope wherein the question raised was whether there had been established a valid family partnership for tax purposes by a husband and wife and their two children for the year 1943. The errors alleged by the petitioners related largely to an alleged failure of the tax court to find facts concerning their acts and conduct for the years 1944 to 1947. The Tax Court, 13 T.C. 1039, held that neither the son nor the daughter were present during the year in question and therefore not able to assist in the management of the business until after 1943, nor until 1946; that this would be the case was contemplated when the articles of partnership were drawn and signed in December 1942, although they recited that the partnership composed of Harkness, Sr., his wife and two children, should commence January 1, 1943.

The facts in the case above noted are entirely different in the instant case; here the work in furthering the interests of the partnership commenced in 1944, following the discussion of the plan for such purpose in April of that year, which was fully consummated in December of the same year; during that year the sons, Robert M. and Noel J., took charge of farming and ranching operations and care of the livestock, and sowed eleven hundred acres to grain for the year 1945, and in 1945 Robert, when his brother was absent in the Army, performed the same work and again sowed the grain in 1945 for the year 1946, and the wife of Noel Anderson, Sr., helped in different ways in both years in carrying on farming and ranching operations; she supervised cooking and other household duties for the family and hired help, drove tractor and hauled grain, and none of the family drew any wages for such services, and it all applied on the partnership interests, and like conditions existed and work of the partnership progressed during the years 1946, 1947 and henceforth to date of trial. During the years 1944 and 1945,

Noel Anderson, Sr., was not in good health but he assisted in advising and over-seeing the work of his sons. Operations were carried on during 1945 according to the plan agreed upon in forming the partnership, and it has continued ever since as above noted.

The petitioners in the Harkness case contended that happenings subsequent to the year in question should be considered in determining the issue of good faith and intent, and that would seem to be necessary in this case in view of the work performed by the members of the partnership during the years 1944 and 1945, which finds corroboration in the testimony of their neighbors.

Another contention of the Tax Court in the Harkness case was that there could be no valid partnership within the meaning of the tax laws for the reason that the children were not there in 1943 and therefore could not contribute "original capital" or "vital services", and that it was not contemplated they would do so; an entirely different state of facts existed there than is found in the Anderson case in that respect. As Judge Pope said in referring to the Culbertson case, "the Supreme Court itself three times mentioned the contribution of capital and services as some of the circumstances to be taken into consideration in arriving at the question of bona fide intent." It might be said here that there would have been no income or profits for the years 1945 and 1946 had it not been for the services rendered by the four partners as above outlined.

It was said in the Harkness case: "But the crucial question was whether the new arrangement was really and truly to begin at once, or at some future date, when the desired help of the young men would become available." There was no question of availability of help by the young men in the Anderson case—both were available to pave the way for the income and profits for 1945, and Robert carried the burden for himself and his brother in 1945 for the income and profits for 1946.

Other authorities could be cited sustaining the views of the court herein, but enough seems to have been said to justify the court in this case in finding for the plaintiffs, and accordingly such is the decision of the court herein. Findings of fact and conclusions of law, and form of judgment, may be submitted. Exceptions allowed counsel.