**Floyd F. LARSON, Plaintiff,**

v.

**Thomas M. ROBINSON, Collector of United States Internal Revenue for the District of Montana, at Helena, Montana, Defendant.**

**No. 1294.**

United States District Court
D. Montana, Great Falls Division.
Aug. 31, 1955.

---

Vernon E. Lewis, Fort Benton, Mont., for plaintiff.

Krest Cyr, U. S. Dist. Atty., Butte, Mont., H. Eugene Heine, Sp. Asst. Atty. Gen., for defendant.

PRAY, Chief Judge.

This is an action brought by plaintiff as a taxpayer for recovery of an income tax which according to the allegations of the complaint filed herein was erroneously and illegally assessed and collected by the Director of United States Internal Revenue for the District of Montana, with headquarters at Helena, Montana. Internal Revenue Code Sec. 322, 26 U.S.C.A. § 322 Regulation 29.322, 1 to 3), Title 28 U.S.C.A. § 1340 and § 3772(a) (1) and (2) of the Internal Revenue Code, 26 U.S.C.A. § 3772(a) (1, 2).

Plaintiff alleges that a joint venture existed during the years 1943, 1944 and 1945 between Floyd F. Larson, the plaintiff and Irma E. Larson, his wife, in the carrying on of farming operations in Chouteau County, State of Montana, and one of the principal questions for decision is whether the persons above-named intended to, and actually did, join together in good faith in conducting the farming operations aforesaid during the years and at the place above mentioned.

The farm work carried on by plaintiff and his wife is described as a joint venture, and particular reference thereto is

found in the Internal Revenue Code, as follows: "Partnership and partner. The term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization." Sec. 3797(a) (2) of the Internal Revenue Code, 26 U. S.C.A. § 3797(a) (2) and Sec. 1111(a) (3) of the 1932 Act. Other pertinent references therein relate to Gross Income, Sec. 22, Partnership Not Taxable, Sec. 181, Tax of Partners, Sec. 182, 26 U.S.C.A. §§ 22, 181, 182.

As appears from the evidence the plaintiff and his wife, at the time of their marriage in November 1938, were possessed of very limited means—the plaintiff owned some farm machinery, a pick-up truck and an old automobile all valued at $320 and the wife had cows and chickens of the value of $300 to $350. From this small beginning they worked together, acquired land, raised grain and other crops and livestock, and the wife worked in the field like a farm hand and also performed her household duties as well.

It was apparently understood from the beginning that the property they had, and afterwards acquired, and the income therefrom, belonged to both plaintiff and his wife; they had a joint bank account since 1941 and the wife wrote checks on this account in payment of bills growing out of their joint farming operations; their sales and purchases all seem to have been carried on through their joint bank account. All their land purchases were made in the names of both plaintiff and his wife, except one small tract, and it is claimed that the omission of Mrs. Larson's name in the deed was simply an oversight, and that she owns the same interest in this tract as in all the other property, both real and personal, possessed and jointly operated by them for many years, as appears from

the testimony of themselves and their neighbors and other persons; they consulted and agreed on matters pertaining to their business interests, and kept account of their receipts and expenditures, and they made investments in their joint names from profits arising from their farming and stock raising operations.

The law seems to be fairly well settled as to the definition of joint adventures and partnerships showing that they are similar and closely akin; and their rights, duties and liabilities are to be tested by rules substantially the same. The relationship between the parties in a joint adventure is largely a matter of intent; the actual intention of the parties must be clearly manifested. An agreement to enter into a joint venture may be inferred from the conduct of the parties. The consideration for such an agreement may be a promise, express or implied, to contribute capital or labor to the undertaking. Tompkins v. Commissioner, 4 Cir., 97 F.2d 396; Rae v. Cameron, 112 Mont. 159, 114 P.2d 1060; In re McAnelly's Estate, 127 Mont. 158, 258 P.2d 741.

It would seem to the court that a clear inference of good faith may be drawn, also honesty of purpose and intent, from the conduct of the plaintiff and his wife over a series of years which speaks louder and more favorably in support of their claim of joint adventure as a partnership than any declarations on their part at this time. Probably the leading case on the subject of family partnerships is still that of Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659, and it would seem to have special application to the facts in this case, and especially the quotation here: "The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case [Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670], but whether, considering all the facts—the agreement, the conduct of the parties in

execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * If, upon a consideration of all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each is of such value to the partnership that the contributor should participate in the distribution of profits, that is sufficient."

■■ Defendant complains that the plaintiff never thought of a family partnership, as outlined in the statute and decisions, until somebody told him about it, and therefore neither plaintiff nor his wife could have had an intent to come within its provisions. If the evidence shows that the parties, while ignorant of a statute that affords them relief, have so operated their business as to come squarely within the requirements of that statute over a long period of time, as appears from their testimony, corroborated by their neighbors and others, then can it be said, and the saying approved, that because they did not know of their rights until somebody advised them that they have no right to seek the relief provided by such a statute, although they had carried on their partnership ever since their marriage.

Undoubtedly a good many people did not know there was such a law, and probably many who might claim its benefits do not know now, but when they find out as some of them have, can the facts be ignored if they bring themselves clearly within the provisions of the statute? The fact that plaintiff at times transacted business of the partnership in his own name is not enough to outweigh the evidence showing a joint bank account, the division of profits and the investments made in the name of both, and both carrying on as laborers together in their farming operations.

While the court believes the evidence here is sufficient to justify a finding for the plaintiff, as the court recalls, the facts are different from that of Anderson v. Robinson, D.C., 115 F.Supp. 776, wherein a family partnership as such had been carried on between father and son for many years before the one in question therein came under the scrutiny of the law; however, a review by the higher court will serve as a future guide to the disposition of other cases presenting a like or similar state of facts.

In view of the foregoing situation in respect to the facts and the law of the case, a sufficient showing appears to have been made to justify the court in finding for the plaintiff, and such is the decision herein. Findings of fact and conclusions of law and form of judgment may be submitted. Exceptions will be allowed counsel.